UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHERINE THRASHER and ANDREW BAUMAN | ) ) ) |
| Plaintiff, | ) ) ) Cause No.: |
| v. | ) ) |
| ELI LILLY & COMPANY | ) ) |
| Defendant. | ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an employment discrimination action brought by Plaintiffs, Katherine Thrasher ("Thrasher") and Andrew Bauman ("Bauman"), by counsel, against Defendant, Eli Lilly & Company ("Lilly") for its discriminatory actions taken against her based on her religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.

**II. PARTIES**

2. At all relevant times to this action, Thrasher resided in California.

3. At all relevant times to this action, Bauman resided in Wisconsin.

4. Defendant is a domestic for-profit corporation which maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana. It can be served through its registered agent, National Registered Agents, Inc., at 334 North Senate Avenue, Indianapolis, IN 46204.

**III. JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiffs are an "employee" within the meaning of 42 U.S.C. § 2000e(f).

8. Plaintiffs exhausted their administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. Plaintiffs received their Notice of Suit Rights for the Charge of Discrimination and timely file this action.

9. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

10. On or about August 12, 2021, Defendant enacted a COVID-19 Vaccine Mandate ("Mandate"). The Mandate required that every employee be vaccinated by November 15, 2021. Defendant created a process under the Mandate for religious and medical exemptions.

**A. Thrasher**

11. Thrasher was hired by Defendant in or about November 2019. Currently, Thrasher continues to meet or exceed Defendant's legitimate performance expectations.

12. Prior to the Mandate, Thrasher's last held position was as a Sales Representative in the Neuroscience Division.

13. Thrasher timely submitted a religious exemption request, which was temporarily granted on September 29, 2021. However, Defendant stated that because Thrasher's responsibilities required her to engage directly with customers, the accommodation request was

an undue hardship for the company and its customers and would expire after November 15, 2021.

14. Due to Thrasher's sales role, she does not interact with one of Defendant's facilities or locations on a routine basis. Throughout 2020 to 2021, Thrasher routinely worked without issue or concern from Defendant and her customers regarding COVID-19.

15. Additionally, during this period, Thrasher complied with Defendants' and all of her customer's COVID-19 policies, which included but were not limited to proof of antibodies, mask protocols and daily or weekly testing for COVID-19.

16. Due to Thrasher's temporary accommodation, Defendant indicated that she had until November 15, 2021, to secure an alternate position within the company that was not "customer facing."

17. Thrasher attempted to find an alternate position between September and November 2021; however, there were very few positions available.

18. Ultimately, Defendant never offered Thrasher any alternative position.

19. On or about October 8, 2021, Defendant announced that it would terminate and offer a severance to anyone that did not receive one of the vaccines and/or accept an alternative position that would accommodate an individual who did not receive one of the vaccines.

20. On or about November 15, 2021, Defendant terminated Thrasher's employment because she refused to get one of the vaccines in violation of her sincerely held religious beliefs.

21. After she was terminated, Defendant re-hired Thrasher into a lesser role with less pay, benefits, and career opportunities.

22. Thrasher has been harmed as a result of Defendant's actions.

**B. Bauman**

23. Bauman was hired by Defendant in or about November 2005. Currently, Bauman continues to meet or exceed Defendant's legitimate performance expectations.

24. Prior to the Mandate, Bauman's last held position was as a Senior Account Manager.

25. Bauman timely submitted a religious exemption request, which was temporarily granted on September 29, 2021. However, Defendant stated that because Bauman's responsibilities required him to engage directly with customers, the accommodation request was an undue hardship for the company and its customers and would expire after November 15, 2021.

26. Due to Bauman's role, he does not interact with one of Defendant's facilities or locations on a routine basis. Throughout 2020 to 2021, Bauman routinely worked without issue or concern from Defendant and his customers regarding COVID-19.

27. Additionally, during this period, Bauman complied with Defendant's and all of his customer's COVID-19 policies, which included but were not limited to proof of antibodies, mask protocols and daily or weekly testing for COVID-19.

28. Due to Bauman's temporary accommodation, Defendant indicated that he had until November 15, 2021, to secure an alternate position within the company that was not "customer facing."

29. Bauman attempted to find an alternate position between September and November 2021. Fortunately, he was able to find a lesser role with less pay, benefits, and career opportunities.

30. Bauman has been harmed as a result of Defendant's actions.

## V. CAUSES OF ACTION

## COUNT I – TITLE VII – RELIGIOUS DISCRIMINATION

31. Plaintiffs hereby incorporates paragraphs one (1) through thirty-one (31) of their Complaint as if it were set forth at length herein.

32. Plaintiffs were discriminated against based on their sincerely held religious belief when they were subject to less favorable terms and conditions in their employment and when their religious accommodation request was denied.

33. Defendant discriminated against Plaintiffs on the basis of their sincerely held religious beliefs by subjecting them to disparate treatment.

34. Defendant discriminated against Plaintiffs on the basis of their sincerely held religious beliefs by failing to engage in the interactive process in good faith and denying their reasonable accommodations.

35. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

36. Defendant's conduct was deliberate, willful, and in reckless disregard for Plaintiffs' civil rights.

37. Plaintiffs have suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiffs, Katherine Thrasher and Andrew Bauman, respectfully requests that this Court enter judgment in their favor and award them the following relief:

1. Reinstatement of each Plaintiff to their original position and salary they would have enjoyed but for Defendant's unlawful actions, or front pay in lieu thereof;

2. Award Plaintiffs back pay they would have earned, including benefits and other perquisites of employment, but for Defendant's unlawful actions;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Compensatory damages for Defendant's violations of Title VII;

6. Punitive damages for violations of Title VII;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/Taylor Ferguson*
Andrew Dutkanych, III
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
tferguson@bdlegal.com
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

    Plaintiffs, Katherine Thrasher and Andrew Bauman, by counsel, requests a trial by jury on all issues deemed so triable.

                      Respectfully submitted,

                      */s/Taylor Ferguson*
                      Andrew Dutkanych, III
                      Taylor Ferguson
                      BIESECKER DUTKANYCH & MACER, LLC
                      144 North Delaware Street
                      Indianapolis, IN 46204
                      Telephone: (317) 991-4765
                      Facsimile: (812) 424-1005
                      Email: ad@bdlegal.com
                      tferguson@bdlegal.com
                      *Counsel for Plaintiff*